PER CURIAM.
 

 Michael Francis appeals his second degree murder conviction. Because we conclude that the State of Florida presented sufficient competent, substantial evidence to support the conviction, we affirm, but certify a question of great public importance at the conclusion of this opinion.
 

 On November 4, 2006, Larrie Abernathy and his former girlfriend, Latressa Height, got into an argument in the parking lot of a bar. After the fight, Latressa made a phone call, and shortly after, a car arrived and a group of men exited the car. The defendant was the driver of the car. Some of the men in the group carried guns with them, including the passenger-seat occupant who was carrying an AK-47 rifle. After the men circled him, the man with the AK-47 shot and killed the unarmed Abernathy. The men immediately got back into their car, and Francis drove them away from the scene.
 

 The State charged Francis with first degree murder, kidnapping with a weapon, and possession of a firearm by a convicted felon. At trial, State’s witness Jennifer Severance, an eyewitness to the shooting, testified as to the events of that evening and identified Francis in court as the driver of the car. Severance had also identified Francis in a photo line up to the police during the investigation. During Severence’s testimony, the State impeached her when she began to deviate from her prior statements to the police detective. Another witness testified as to the fight between Latressa and Abernathy, the shooting, and the men driving away after the shooting.
 

 After a trial, the jury deliberated and found Francis guilty of second degree murder. The trial court subsequently sentenced Francis to life in prison.
 

 Francis appeals his conviction, arguing that the State did not present sufficient evidence to support a conviction or establish the requisite
 
 mens rea
 
 of second degree murder. We find that the State presented competent, substantial evidence to support the conviction for second degree murder. The State presented evidence that Francis drove the shooter to the scene and drove him away. The shooter was also carrying an AK-47 in the passenger seat. We conclude that it is reasonable that a jury could conclude based on these facts that the requisite depraved mind mental state required for second degree murder was present.
 
 See Williams v. State,
 
 967 So.2d 735, 755 (Fla.2007);
 
 Troy v. State,
 
 948 So.2d 635, 646 (Fla.2007).
 

 With respect to the
 
 Montgomery v. State,
 
 - So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943, 11 So.3d 943 (Fla.2009) issue, we decline to address the issue of whether the State is required to prove that the defendant intended to kill the victim in order to establish the crime of manslaugh
 
 *1147
 
 ter by act. We agree with the State that the reference to an intent to kill in the manslaughter instruction was irrelevant under the facts of this case. However, we note that the
 
 Montgomery
 
 case is currently pending review before the Florida Supreme Court.
 
 State v. Montgomery,
 
 11 So.3d 943 (Fla.2009). Because the issue presented to us is recurrent, we believe it should be authoritatively resolved, as there is a split of authority among Florida district courts as to whether manslaughter by act, under section 782.07, Florida Statutes, has intent to kill as an element. Accordingly, we certify the following question to the Florida Supreme Court as one of great public importance:
 

 IS THE STATE REQUIRED TO PROVE THAT THE DEFENDANT INTENDED TO KILL THE VICTIM IN ORDER TO ESTABLISH THE CRIME OF MANSLAUGHTER BY ACT?
 

 AFFIRMED; QUESTION CERTIFIED.